UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 SEP 18  A 11: 25

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| WEN CHIANG, ppa WEN Y. CHIANG<br>    Plaintiff<br><br>v.<br><br>BANK OF AMERICA,<br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. |

## COMPLAINT AND JURY CLAIM

### The Parties

1.    The plaintiff, Wen Chiang ("Chiang"), is currently staying overseas in Taiwan, R.O.C. His permanent address is 12 Pond Lane, #63, Arlington, Massachusetts.

2.    Wen Y. Chiang is the brother of Chiang and has a power of attorney to prosecute this action.

3.    The defendant, Bank of America, has offices at 1825 E. Buckeye Road, Phoenix, Arizona and also has numerous branch offices in Massachusetts.

### Facts

4.    Chiang has a line of credit account #74974264526150 with MBNA.  When the credit line account was opened, MBBA told Chiang that it would waive the transaction fee for Chiang's first use of the line of credit and would charge a transaction fee of 3% for each subsequent use.

5.    MBNA also told Chiang that his account would not incur any interest charges for six months, that the monthly grace period for payments would be 25 days from the closing date of the statement and that the interest rate would be 9.74%.

6.     In July 2006, Chiang first used his line of credit and MBNA charged him a 3% fee,

violating their agreement with Chiang.  MBNA became Bank of America in October 2006.

7.     In August 2006, Chiang had almost used his entire line of credit, due to his travel for his

family business and working on multi-million dollar business contracts.

8.     MBNA also violated the agreement by charging interest during the first six months,

causing Chiang to go over the limit of his line of credit account.  MBNA reported the alleged

debt to credit reporting agencies, stating that they had closed Chiang's account , causing a

negative report on Chiang's credit file.

9.     After Chiang received the negative credit report, he sent a demand letter to MBNA,

stating that he made only one payment late since MBNA had sent the statement to an incorrect

address and that MBNA had reported wrongfully to the credit reporting agency, when his

account was not in default.  This conduct of MBNA violated the Fair Credit Reporting Act and

M.G.L. c. 93A.

10.    MBNA's customer service department admitted that they had sent an incorrect report of

Chiang's account and agreed to remove all negative information contained in Chiang's credit

report, but that it would take between 90 and 120 days for the credit reporting agency to make

the correction by sending a letter to Chiang stating that this was their mistake in sending the

incorrect report to the credit agency.

11.    After 11 month's time, Chiang found that MBNA had not only submitted an incorrect

credit report, but had also told Chiang that his account was current and open, while the billing

statement showed that his account as closed without any available credit.  MBNA's customer

service supervisor was rude to Chiang, instead of making the corrections requested by Chiang,

forcing Chiang to file this Complaint.

12.    Chiang has had experience with Bank of America, currently the parent company of MBNA, in several lawsuits in the past three years with numerous claims, some of which resulted in triple damages awarded by the Court.

13.    MBNA became Bank of America and Bank of America took over Chiang's account in October 2006.

COUNT I – VIOLATION OF FAIR CREDIT REPORTING ACT

14.    Chiang repeats and incorporates herein the allegations of Paragraphs 1-13 of this Complaint as if fully set forth herein.

15.    Chiang complained to a credit reporting agency about the negative information from MBNA.

16.    The credit reporting agency notified MBNA of Chiang's complaint and MBNA received this notice from the credit reporting agency.

17.    MBNA violated 15 U.S.C. § 1681s-2(b) by failing to conduct an investigation and to modify, delete or correct the incorrect information promptly as required by that statute. MBNA's actions also violated 15 U.S.C. § 1681n and/or § 1681o.

18.    Bank of America's attorney told the judge in Cambridge District Court that the allegations in the complaint relating to the facts set forth herein, that she should dismiss the complaint because the case should be in federal court for violation of the Fair Credit Reporting Act.

WHEREFORE, Chiang demands judgment against Defendant Bank of America for damages of $300,000.00, interest, punitive damages, attorney's fees, costs and such additional relief as the Court deems just and reasonable.

3

### COUNT II – VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

19.     Chiang repeats and incorporates herein the allegations of Paragraphs 1-13 of this Complaint as if fully set forth herein.

20.     At all times relevant to this Complaint, Bank of America has been operating in a manner that violates the Fair Debt Collection Practices Act, 15 U.S.C. § 1601, et seq.

21.     Bank of America is a "debt collector' as defined in 15 U.S.C. § 1692a and is collecting the alleged debt allegedly owed to MBNA.

22.     Bank of America's actions have violated 15 U.S.C. § 1692e(2)(A), § 1692f(1) and § 1692g(a) and (b).

        WHEREFORE, Chiang demands judgment against Defendant Bank of America for damages of $300,000.00, interest, punitive damages, attorney's fees, costs and such additional relief as the Court deems reasonable.

### COUNT III – BREACH OF CONTRACT

23.     Chiang repeats and incorporates herein the allegations of Paragraphs 1-13 of this Complaint as if fully set forth herein.

24.     Chiang's account with MBNA and Bank of America was a contract including an agreed amount of the line of credit, interest rate, monthly payments, an agreement of no transaction fee for Chiang's first use of the account and an agreement for no interest during the first six months.

25.     MBNA breached the contract by charging Chiang a transaction fee for his first use of the account and by charging him interest during the first six months of the account.

26.     As a result thereof, Chiang has suffered damages including payment of the transaction fee, payment of interest during the first six months, paying interest on the illegally charged transaction fee and the interest and inability to use the credit line account.

4

WHEREFORE, Chiang demands judgment against Defendant Bank of America for damages of $300,000.00, interest, costs and such additional relief as the Court deems just and reasonable.

## COUNT IV – DECEIT

27.     Chiang repeats and incorporates herein the allegations of Paragraphs 1-13 of this Complaint as if fully set forth herein.

28.     MBNA made several misrepresentations to Chiang as to matters of fact, such as no transaction fee of the first use of his account, no interest for six months and that his account was current and open but not allowing him to use his account. MBNA also failed to disclose to Chiang that his account would be modified by MBNA based on a six-year payoff.

29.     MBNA made these misrepresentations with the intention to induce Chiang to act on the misrepresentations. These misrepresentations were made by MBNA with knowledge of their falsity and Chiang acted on the misrepresentations, directly causing damages to Chiang.

WHEREFORE, Chiang demands judgment against Bank of America for damages of $300,000.00, interest, costs and such additional relief as the Court deems just and reasonable.

## COUNT V – VIOLATION OF M.G.L. c. 93A

30.     Chiang repeats and incorporates herein the allegations of Paragraphs 1-13 and 27-29 of this Complaint as if fully set forth herein.

31.     The misrepresentations of MBNA and other acts of MBNA constituted unfair or deceptive acts or practices violating M.G.L. c. 93A, §§ 2 and 11.

32.     MBNA's misrepresentations and other acts or practices were willful or knowing violations of M.G.L. c. 93A, §2.

33.     Chiang sent a Chapter 93A demand letter to MBNA, a copy of which is attached hereto.

5

34.  MBNA did not respond to this demand letter, but continued with their illegal acts and practices and forced Chiang to file this action in order to assert his claims.

35.  Chiang suffered a loss of money due to MBNA's unfair or deceptive acts or practices.

WHEREFORE, Chiang demands judgment against Bank of America for damages of $300,000.00, interest, multiple damages, attorney's fees, costs and such additional relief as the Court deems just and reasonable.

## COUNT VI – NEGLIGENCE

36.  Chiang repeats and incorporates herein the allegations of Paragraphs 1-13 of this Complaint as if fully set forth herein.

37.  Defendants had a duty to Chiang to use reasonable care and a higher standard of care as a fiduciary in their actions with Chiang.

38.  Defendants negligently breached their duty in failing to insure that the terms of the line of credit offered to Chaing was the actual line of credit terms that he received or in changing the terms of his credit agreement to differ from the terms offered to him.

39.  As a result thereof, Chiang suffered damages, including payment of a transaction fee, payment of interest and payment of interest on the increased balance and interest.

WHEREFORE, Chiang demands judgment against Bank of America for damages of $300,000.00, interest, costs and such additional relief as the Court deems just and reasonable.

**\*\* PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE\*\***

By Plaintiff's Attorney,

DEAN CARNAHAN
BBO #074580
LAW OFFICES OF DEAN CARNAHAN
51 Newcomb Street
Arlington, MA 02474
(781) 641-2825

Dated: September 18, 2007

B-2377-C3